# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

PHILLIP L. MITCHELL,      )
                                      )
       **Plaintiff,**             )
                                        )
**v.**                                    )      **No. 3:25-cv-00219**
                                       )      **Judge Trauger**
**ALMIA FUNCHES, et al.,**      )
                                       )
       **Defendants.**         )

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Phillip Mitchell, an inmate in the custody of the Davidson County Sheriff's Office (DCSO), filed a civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.) He later filed a motion to amend his complaint to include as a defendant the DCSO's "Sheriff/Executive Administrator," Daron Hall. (Doc. No. 10.) He also filed a motion to ascertain status. (Doc. No. 11).

The case is before the court for ruling on the plaintiff's IFP application and motions and for initial review of the Complaint under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.

### I. PAUPER STATUS

Subject to certain statutory requirements, *see* 28 U.S.C. § 1915(a)(1)–(2), (g), a prisoner bringing a civil action may be permitted to proceed as a pauper, without prepaying the $405 filing fee. The plaintiff's IFP application substantially complies with these requirements and demonstrates that he lacks the funds to prepay the entire filing fee. His IFP application (Doc. No. 2) is therefore **GRANTED**.

Nevertheless, prisoners bringing civil lawsuits are "required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Where the prisoner proceeds IFP, the fee is $350 instead of $405, *see id.* § 1914(a)–(b) & Dist. Ct. Misc. Fee Schedule, provision 14 (eff. Dec. 1, 2023), and may be paid in installments over time via an assessment against his inmate trust account. *Id.* § 1915(b)(1)–(2).

Accordingly, the plaintiff is **ASSESSED** a $350 filing fee. The fee will be collected in installments as described below.

The warden of the facility in which the plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's credit at the jail; or (b) 20% of the average monthly balance to the plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the plaintiff's preceding monthly income (or income credited to the plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this order to the warden of the facility in which the plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this order follows the plaintiff to his new place of confinement, for continued compliance with the order. All payments made pursuant to this order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

2

**II. INITIAL REVIEW**

A. <u>Legal Standard</u>

In cases filed by prisoners, the court must conduct an initial screening and dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). Review under the same criteria is also authorized under 28 U.S.C. § 1915(e)(2) when the prisoner proceeds IFP.

To determine whether the Complaint states a claim upon which relief may be granted, the court reviews for whether it alleges sufficient facts "to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A viable claim is stated under 42 U.S.C. § 1983 if the Complaint plausibly alleges (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (quoting *Iqbal*, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The court must afford the pro se Complaint a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to the plaintiff. *Inner City*, *supra*.

3

B. <u>Analysis of the Complaint</u>

The plaintiff alleges that, on five days between August 19 and October 1, 2024, his one-hour daily recreation was "wrongfully cancelled" by Officer Funches for what she claimed to be unruly or threatening behavior, but what the plaintiff contends were "malicious lies" told by Funches. (Doc. No. 1 at 5, 7; Doc. No. 1-1.) The plaintiff further alleges that Sergeant Jason Parker, Jail Administrator Thomas Conrad, and Sheriff Daron Hall failed to act appropriately in response to his grievances. (Doc. No. 1 at 7; Doc. No. 1-1; Doc. No. 10.) Claiming that these deprivations violated his Fourth and Fourteenth Amendment rights (Doc. No. 1 at 3), the plaintiff seeks damages and other relief. (See Doc. No. 1-1 at 6.)

The Fourteenth Amendment protects pretrial detainees in relation to the conditions of their confinement, *Brawner v. Scott Cnty.*, 14 F.4th 585, 591 (6th Cir. 2021), and "[c]laims related to the denial of recreation are usually analyzed as conditions-of-confinement claims." *Jackson v. McNeese*, No. 3:18-CV-P609-DJH, 2018 WL 5091903, at *3 (W.D. Ky. Oct. 18, 2018). "[T]he 'proper inquiry' to evaluate the conditions of confinement for a pretrial detainee is 'whether those conditions amount to punishment.'" *Griffith v. Franklin Cnty., Kentucky*, 975 F.3d 554, 569 (6th Cir. 2020) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). For these purposes, the court liberally construes the alleged denial of recreation as including the denial of ability to exercise outside the cell. *See West v. Clark*, No. 4:22-CV-00426-KGB-BBM, 2025 WL 2466124, at *3 (E.D. Ark. July 21, 2025), *report and recommendation adopted*, 2025 WL 2466122 (E.D. Ark. Aug. 26, 2025) (considering inmate's allegation that "he was deprived of recreation time, which the Court liberally construes as a lack of exercise").

Restrictions on inmates' recreation or exercise may violate constitutional guarantees "under some circumstances." *Rodgers v. Jabe*, 43 F.3d 1082, 1088 (6th Cir. 1995). "It is generally

4

recognized that a total or near-total deprivation of exercise or recreational opportunity, without penological justification, violates [constitutional] guarantees. Inmates require regular exercise to maintain reasonably good physical and psychological health." *Patterson v. Mintzes*, 717 F.2d 284, 289 (6th Cir. 1983) (citations omitted). But "courts have regularly held that the occasional denial of recreation does not rise to the level of a constitutional violation." *Jackson v. McNeese*, No. 3:18-CV-P609-DJH, 2018 WL 5091903, at *3 (W.D. Ky. Oct. 18, 2018) (citing cases).

In the case at bar, the plaintiff alleges that he was denied his daily hour of recreation by Officer Funches on August 19, September 2, 3, and 11, and October 1, 2024 (Doc. No. 1 at 5; Doc. No. 1-1 at 3), based on Funches's "malicious lies" and "evil intentions." (Doc. No. 1-1 at 6.) Yet he concedes that when Officer Funches cancelled his recreation hour for having "paper in [his] cell door window" on August 19, he did in fact have paper in the window; and that when she accused him of "cussin[g]" her on September 3, he had told her, "I don't know why you acting tough, you know if we were on the street you would see me and run the other way." (Doc. No. 1-1 at 4.) In any event, even if all five instances of recreation/exercise denial were illegitimately motivated, the plaintiff does not allege that he was denied recreation at any other time—whether prior to August 19, 2024, at any point between October 2, 2024 and the February 2025 filing of his Complaint, or at any point thereafter. (*See* Doc. No. 10 (Feb. 18, 2026 motion seeking to amend Complaint only to add a defendant).) The mere denial of an hour of recreation/exercise on five isolated occasions is not a condition that amounts to punishment, nor does it otherwise rise to the level of a constitutional violation. *See Tuck v. Cobb Cty. Jail*, No. 1:22-CV-1473-VMC-JKL, 2023 WL 11979686, at *7 (N.D. Ga. June 21, 2023), *report and recommendation adopted*, 2023 WL 11979684 (N.D. Ga. July 25, 2023) (finding that detainee's "complained-of conditions of confinement"—denial of "recreation and shower time on Defendant Lang's shifts on five

5

occasions over 10 days"—"do not rise to the level of a constitutional violation" but are "de minimis") (citing *Gonzales v. Currie*, No. 2:13-CV-201, 2014 WL 222353, at *5 (S.D. Tex. Jan. 21, 2014) (finding that, even if prison guard filed retaliatory disciplinary charge against him, "the injury suffered by Plaintiff—a verbal reprimand and five days loss of recreation—does not constitute more than a de minimis injury"); *Frey v. Buckingham*, 554 F. App'x 340, 341 (5th Cir. 2014) (finding twenty days of recreation restrictions de minimis)). Accordingly, the Complaint fails to state a viable claim under Section 1983 and must be dismissed.

### III. CONCLUSION

The plaintiff's motions to amend (Doc. No. 10) and to ascertain status (Doc. No. 11) are **GRANTED**.

For the reasons given above, this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted. The court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge

6